**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MEGALETO D. ANDREWS,

        Petitioner,

v.                                    Case No. 3:15-cv-1262-J-32PDB

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et. al.,

        Respondents.

—————————————————

**<u>ORDER</u>**

**I.**   **<u>Status</u>**

     Petitioner, Megaleto D. Andrews, an inmate of the Florida penal system,
initiated this action by filing a <u>pro se</u> Petition Under 28 U.S.C. § 2254 for Writ of
Habeas Corpus by a Person in State Custody (Doc. 1) on October 20, 2015.[1] On April
19, 2016, Andrews filed a memorandum alleging additional facts in support of Ground
One, Ground Three, and Ground Six of his Petition. <u>See</u> Doc. 5. Andrews challenges a
state court (Duval County, Florida) judgment of conviction for two counts of failure to
comply with sexual offender requirements for which he is currently serving two
consecutive ten-year sentences. Doc. 1 at 1. Respondents filed a Response on January

———————————

    [1] Giving Andrews the benefit of the mailbox rule, the Court finds that his
pleadings were filed on the respective dates Andrews handed them to prison
authorities for mailing to the Court. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988).

19, 2017. <u>See</u> Doc. 14 (Resp.).[2] Andrews filed a Reply. <u>See</u> Doc. 16. This case is ripe for review.

## II. <u>Governing Legal Principals</u>

### A. Standard Under AEDPA

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs a state prisoner's federal habeas corpus petition. <u>See</u> <u>Ledford v. Warden, Ga. Diagnostic & Classification Prison</u>, 818 F.3d 600, 642 (11th Cir. 2016), <u>cert. denied</u>, 137 S. Ct. 1432 (2017). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" <u>Id.</u> (quoting <u>Greene v. Fisher</u>, 565 U.S. 34, 38 (2011)).

The first task of the federal habeas court is to identify the last state court decision, if any, that adjudicated the petitioner's claims on the merits. <u>See</u> <u>Marshall v. Sec'y Fla. Dep't of Corr.</u>, 828 F.3d 1277, 1285 (11th Cir. 2016). The state court need not issue an opinion explaining its rationale in order for the state court's decision to qualify as an adjudication on the merits. <u>See</u> <u>Harrington v. Richter</u>, 562 U.S. 86, 100 (2011). Where the state court's adjudication on the merits is unaccompanied by an explanation,

> the federal court should "look through" the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning. But the State may rebut the presumption by showing that the unexplained affirmance relied or most likely did rely on different grounds than the lower state court's decision, such

---

[2] Attached to the Response are several exhibits. The Court cites to the exhibits as "Resp. Ex."

> as alternative grounds for affirmance that were briefed or argued to the state supreme court or obvious in the record it reviewed.

Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018).

When a state court has adjudicated a petitioner's claims on the merits, a federal court cannot grant habeas relief unless the state court's adjudication of the claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(1), (2). A state court's factual findings are "presumed to be correct" unless rebutted "by clear and convincing evidence." Id. § 2254(e)(1).

> AEDPA "imposes a highly deferential standard for evaluating state court rulings" and "demands that state-court decisions be given the benefit of the doubt." Renico v. Lett, 559 U.S. 766, 773 (2010) (internal quotation marks omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (internal quotation marks omitted). "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. [at 102] (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)). The Supreme Court has repeatedly instructed lower federal courts that an unreasonable application of law requires more than mere error or even clear error. See, e.g., Mitchell v. Esparza, 540 U.S. 12, 18 (2003); Lockyer, 538 U.S. at 75 ("The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."); Williams v. Taylor, 529 U.S. 362, 410 (2000) ("[A]n unreasonable application of federal law is different from an incorrect application of federal law.").

Bishop v. Warden, GDCP, 726 F.3d 1243, 1253-54 (11th Cir. 2013) (internal citations modified).

## B. Exhaustion and Procedural Default

There are prerequisites to federal habeas review. Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his state conviction. See 28 U.S.C. § 2254(b)(1)(A). To exhaust state remedies, the petitioner must "fairly present[]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. Castille v. Peoples, 489 U.S. 346, 351 (1989) (emphasis omitted). Thus, to properly exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004) (noting "that Boerckel applies to the state collateral review process as well as the direct appeal process.").

In addressing exhaustion, the United States Supreme Court explained:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'"opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L.Ed.2d 438 (1971)). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. Duncan, supra, at 365-366, 115 S. Ct. 887; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L.Ed.2d 1 (1999).

<u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004).

A state prisoner's failure to properly exhaust available state remedies results in a procedural default which raises a potential bar to federal habeas review. The United States Supreme Court has explained the doctrine of procedural default as follows:

> Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. <u>See</u>, <u>e.g.</u>, <u>Coleman</u>,[3] <u>supra</u>, at 747–748, 111 S. Ct. 2546; <u>Sykes</u>,[4] <u>supra</u>, at 84–85, 97 S. Ct. 2497. A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed. <u>See</u>, <u>e.g.</u>, <u>Walker v. Martin</u>, 562 U.S. --, --, 131 S. Ct. 1120, 1127–1128, 179 L.Ed.2d 62 (2011); <u>Beard v. Kindler</u>, 558 U.S. --, --, 130 S. Ct. 612, 617–618, 175 L.Ed.2d 417 (2009). The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law. <u>See</u> <u>Coleman</u>, 501 U.S., at 750, 111 S. Ct. 2546.

<u>Martinez v. Ryan</u>, 566 U.S. 1, 9-10 (2012). Thus, procedural defaults may be excused under certain circumstances. Notwithstanding that a claim has been procedurally

---

[3] <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991).

[4] <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977).

defaulted, a federal court may still consider the claim if a state habeas petitioner can show either (1) cause for and actual prejudice from the default; or (2) a fundamental miscarriage of justice. <u>Ward v. Hall</u>, 592 F.3d 1144, 1157 (11th Cir. 2010). In order for a petitioner to establish cause and prejudice,

> the procedural default "must result from some objective factor external to the defense that prevented [him] from raising the claim and which cannot be fairly attributable to his own conduct." <u>McCoy v. Newsome</u>, 953 F.2d 1252, 1258 (11th Cir. 1992) (quoting <u>Carrier</u>, 477 U.S. at 488, 106 S. Ct. 2639).[5] Under the prejudice prong, [a petitioner] must show that "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." <u>Id.</u> at 1261 (quoting <u>Carrier</u>, 477 U.S. at 494, 106 S. Ct. 2639).

<u>Wright v. Hopper</u>, 169 F.3d 695, 706 (11th Cir. 1999).

In the absence of a showing of cause and prejudice, a petitioner may receive consideration on the merits of a procedurally defaulted claim if the petitioner can establish that a fundamental miscarriage of justice, the continued incarceration of one who is actually innocent, otherwise would result. The Eleventh Circuit has explained:

> [I]f a petitioner cannot show cause and prejudice, there remains yet another avenue for him to receive consideration on the merits of his procedurally defaulted claim. "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." <u>Carrier</u>, 477 U.S. at 496, 106 S. Ct. at 2649. "This exception is exceedingly narrow in scope," however, and requires proof of actual innocence, not just legal innocence. <u>Johnson v. Alabama</u>, 256 F.3d 1156, 1171 (11th Cir. 2001).

---

5 <u>Murray v. Carrier</u>, 477 U.S. 478 (1986).

<u>Ward</u>, 592 F.3d at 1157. "To meet this standard, a petitioner must 'show that it is more likely than not that no reasonable juror would have convicted him' of the underlying offense." <u>Johnson v. Alabama</u>, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995)). Additionally, "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." <u>Calderon v. Thompson</u>, 523 U.S. 538, 559 (1998) (quoting <u>Schlup</u>, 513 U.S. at 324). With the rarity of such evidence, in most cases, allegations of actual innocence are ultimately summarily rejected. <u>Schlup</u>, 513 U.S. at 324.

## C. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel. That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." <u>Yarborough v. Gentry</u>, 540 U.S. 1, 5 (2003) (per curiam) (citing <u>Wiggins v. Smith</u>, 539 U.S. 510, 521 (2003), and <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984)). To establish ineffective assistance, a person must show that: (1) counsel's performance was outside the wide range of reasonable, professional assistance; and (2) counsel's deficient performance prejudiced the challenger in that there is a reasonable probability that the outcome of the proceeding would have been different absent counsel's deficient performance. <u>Strickland</u>, 466 U.S. at 687.

Notably, there is no "iron-clad rule requiring a court to tackle one prong of the <u>Strickland</u> test before the other." <u>Ward v. Hall</u>, 592 F.3d 1144, 1163 (11th Cir. 2010). Since both prongs of the two-part <u>Strickland</u> test must be satisfied to show a Sixth

Amendment violation, "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." Id. (citing Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000)). As stated in Strickland: "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." 466 U.S. at 697.

"The question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether that determination was unreasonable - a substantially higher threshold." Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (quotation marks omitted). If there is "any reasonable argument that counsel satisfied Strickland's deferential standard," then a federal court may not disturb a state-court decision denying the claim. Richter, 562 U.S. at 105. As such, "[s]urmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 559 U.S. 356, 371 (2010). "Reviewing courts apply a 'strong presumption' that counsel's representation was 'within the wide range of reasonable professional assistance.'" Daniel v. Comm'r, Ala. Dep't of Corr., 822 F.3d 1248, 1262 (11th Cir. 2016) (quoting Strickland, 466 U.S. at 689). "When this presumption is combined with § 2254(d), the result is double deference to the state court ruling on counsel's performance." Id. (citing Richter, 562 U.S. at 105); see also Evans v. Sec'y, Dep't of Corr., 703 F.3d 1316, 1333-35 (11th Cir. 2013) (en banc) (Jordan, J., concurring); Rutherford v. Crosby, 385 F.3d 1300, 1309 (11th Cir. 2004).

III.   <u>Analysis</u>

**A. Ground One**

Andrews alleges that the trial court erred in denying his motion for judgment of acquittal. <u>See</u> Doc. 1 at 5; Doc. 5 at 2-7. In support of this contention, Andrews avers that the state relied on insufficient circumstantial evidence to establish that his girlfriend's apartment met the definition of a "temporary residence." <u>See</u> Doc. 5 at 2-7. According to Andrews, the trial court's failure to grant his motion for judgment of acquittal was a denial of due process. Doc. 5 at 7.

Andrews, through appellate counsel, raised this claim on direct appeal. Resp. Ex. 7 at 17. However, Respondents submit that Andrews failed to present this claim as a federal constitutional claim to the state appellate court, rendering it unexhausted and procedurally defaulted. <u>See</u> Resp. at 19-24.

A review of Andrews' initial brief reveals that when briefing this issue, Andrews did not state or suggest that it was a federal claim about due process or any other federal constitutional guarantee. Resp. Ex. 7 at 7. Instead, Andrews argued, in terms of state law only, that the trial court failed to heed sections 943.0435(1)(c), and 775.21, Florida Statues, when it found that his girlfriend's apartment met the definition of a "temporary residence." <u>Id.</u> at 18 (citing <u>Robinson v. State</u>, 6 So. 3d 611 (Fla. 1st DCA 2009); <u>Boyd v. State</u>, 910 So. 2d 167 (Fla. 2005); <u>State v. Law</u>, 559 So. 2d 187 (Fla. 1988)). Consequently, the First District Court of Appeal was never notified of any federal constitutional claim in Andrews direct appeal, and presumably, the First DCA exclusively applied state law in affirming the convictions. <u>See</u> <u>Preston v. Sec'y Dept.</u>

of Corr., 785 F.3d 449, 461 (11th Cir. 2015) ("We can safely assume that when the Florida [appellate court] considered [petitioner's] appeal, it did so through the prism of this longstanding state doctrine, rather than federal law."). As such, Ground One is unexhausted and procedurally defaulted.

In his Reply, Andrews appears to submit that his appellate attorney's ineffectiveness caused the procedural default. See Reply at 2. Before Andrews may use an ineffectiveness of appellate counsel claim to establish cause to excuse his procedural default, he must have presented his ineffective assistance of appellate counsel claim to the state courts as an independent claim. See Murray v. Carrier, 477 U.S. 478 488-89 (1986); Henderson v. Campbell, 353 F.3d 880, 896 n.22 (11th Cir. 2003). Although Andrews filed a petition challenging his appellate attorney's failure to argue that the state did not present evidence that Andrews "knowingly" failed to report a temporary residence (see Resp. Ex. 17 at 15-21), Andrews never challenged his appellate counsel's failure to raise a federal constitutional claim regarding the sufficiency of circumstantial evidence. Thus, the state appellate court never had an opportunity to determine whether appellate counsel was ineffective for failing to raise a federal constitutional claim in connection with the denial of Andrews' motion for judgment of acquittal based on circumstantial evidence. Thus, this ineffective assistance of appellate counsel claim is unexhausted. Because Andrews fails to show cause and prejudice to excuse this secondary layer of procedural default, he cannot show cause to excuse his primary procedural default. See Edwards v. Carpenter, 529 U.S. 446, 453 (2000).

Therefore, the Court finds that this claim has not been exhausted because Andrews failed to fairly present it as a federal constitutional claim on direct appeal. The claim is procedurally barred, and Andrews has not shown cause excusing the default or actual prejudice resulting from the bar. Moreover, he has failed to identify any fact warranting the application of the fundamental miscarriage of justice exception. As such, the claim is denied.

**B. <u>Ground Two</u>**

Andrews maintains that the trial court erred in allowing the state to present irrelevant testimony that was prejudicial and only elicited to highlight his sexual offender status. Doc. 1 at 6.

Andrews, with the help of appellate counsel, raised this claim during his direct appeal. Resp. Ex. 7 at 23. Andrews argued that the testimony from three state witnesses should have been excluded under section 90.403, Florida Statutes, as the evidence was irrelevant and unduly prejudicial. <u>Id.</u> at 23-26. Here, Respondents again submit that Andrews failed to present this claim to the First DCA as a federal constitutional claim, rendering the claim unexhausted and procedurally defaulted. Resp. at 24-30.

Initially, to the extent Andrews urges that the state court erred under Florida law when it allowed the state to present this testimony, this assertion is not cognizable on federal habeas review. "As a general rule, a federal court in a habeas corpus case will not review the trial court's actions concerning the admissibility of evidence," because the state court "has wide discretion in determining whether to admit evidence

at trial[.]" Alderman v. Zant, 22 F.3d 1541, 1555 (11th Cir. 1994); see also Baxter v. Thomas, 45 F.3d 1501, 1509 (11th Cir. 1985) (federal habeas corpus is not the proper vehicle to correct evidentiary rulings); Boykins v. Wainwright, 737 F.2d 1539, 1543 (11th Cir. 1984) (federal courts are not empowered to correct erroneous evidentiary rulings in state court except where rulings deny petitioner fundamental constitutional protections). Thus, Andrews allegations that the trial court violated state law are not proper for the Court's consideration.

Further, to the extent Ground Two can be liberally construed as a federal constitutional challenge, this claim is unexhausted because Andrews did not present the federal nature of this claim to the state appellate court. When briefing this issue on direct appeal, Andrews did not state or suggest that it was a federal claim about due process or any other federal constitutional guarantee. Resp. Ex. 7 at 23-26. As such, Ground Two is unexhausted and procedurally defaulted.

In his Reply, Andrews does not address this procedural bar, but instead argues the same facts that support his ineffective assistance of trial counsel claim in Ground Eight of the Petition. Reply at 6. However, in doing so, Andrews does not claim that these allegations of ineffective assistance excuse his failure to raise this federal constitutional claim in state court. Further, the Court analyzes this separate claim of ineffective assistance of trial counsel in Ground Eight of this Order, and thus, declines to consider it a second time here. As such, Ground Two is procedurally barred and Andrews has not shown cause excusing the default or actual prejudice resulting from

the bar. Moreover, he has failed to identify any fact warranting the application of the fundamental miscarriage of justice exception. Ground Two is denied.

**C. Ground Three**

Andrews asserts that two convictions for the same offense violate his constitutional rights. See Doc. 1 at 8; Doc. 5 at 7-9. Andrews, with the help of appellate counsel, raised this issue during his direct appeal. Resp. Ex. 7 at 27-34. Andrews argued that his dual convictions for failure to report a temporary residence violated his double jeopardy right against multiple punishments for the same offense. Resp. Ex. 7 at 29.

The First DCA denied this claim and affirmed Andrews' convictions through a written opinion. Resp. Ex. 9 at 8; Andrews v. State, 82 So. 3d 979, 984 (Fla. 1st DCA 2011). The First DCA explained in pertinent part:

> Third, appellant asserts that his conviction for two failures to report a temporary residence constituted a double jeopardy violation. In light of our recent decision in Bostic v. State, 60 So. 3d 535 (Fla. 1st DCA 2011), we find this assertion to be without merit.

Resp. Ex. 9 at 8; Andrews, 82 So. 3d at 984.

Upon review of the record, this Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

In adjudicating this claim, the trial court determined that section 943.0435(14), Florida Statutes, required Andrews to report a temporary address "on the month of his birthday and every six months thereafter," and "each failure to report constituted a new violation of the applicable reporting statute and a separate offense." Bostic, 60 So. 3d at 536; Resp. Ex. 9 at 8.

"A federal habeas corpus court may not interfere with a state court's interpretation of state law absent a constitutional violation." McCoy v. Newsome, 953 F.2d 1252, 1264 (11th Cir.1992); see also, e.g., Deloach v. Wainwright, 777 F.2d 1524, 1525–26 (11th Cir.1985) (affirming denial of § 2254 petition and explaining federal court is "bound by the Supreme Court of Florida's interpretation of its legislative enactments" and determination that Florida Legislature intended multiple punishments for felony murder and underlying felony); Dodge v. Robinson, 625 F.3d 1014, 1017 (8th Cir.2010) ("In multiple-punishment cases, the court's role is strictly cabined. 'With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.' The third double jeopardy protection, then, turns on legislative intent." (quoting Missouri v. Hunter, 459 U.S. 359, 366 (1983)). Thus, in the absence of a federal constitutional violation, this Court will not disturb the state appellate court's interpretation of section 943.0435(14), specifically that each failure to report as required by that statute constitutes a separate offense.

No such constitutional violation appears here. The jury convicted Andrews of violating the reporting statute on two separate occasions, as charged: on July 25, 2008 (count one), and on October 28, 2008 (count two). Resp. Ex. 1 at 130. These are convictions for two separate and distinct acts, and thus, they do not violate Andrews' double jeopardy rights. Ground Three is denied.

### D. Ground Four

Andrews contends that his twenty-year sentence amounts to cruel and unusual punishment in violation of the Eighth Amendment.[6] Doc. 1 at 10. Andrews, through appellate counsel, raised this claim during his direct appeal. Resp. Ex. 7 at 35-37. In a written opinion, the First DCA denied this claim and affirmed Andrews' convictions and sentences. Resp. Ex. Resp. Ex. 9 at 8-16; Andrews, 82 So. 3d at 984.

In reaching its conclusion, the First DCA considered the three objective factors outlined in Solem v. Helm, 463 U.S. 277, 292 (1983). See Andrews, 82 So. 3d at 984. Specifically, the appellate court considered the (1) "gravity of the offense and the harshness of the penalty"; (2) "the sentences imposed on other criminals in the same jurisdiction"; and (3) "the sentences imposed for commission of the same crime in other jurisdictions." Andrews, 82 So. 3d at 984 (quoting Solem, 463 U.S. at 292). After analyzing these factors and considering Andrews' prior criminal history, the First DCA found in pertinent part:

---

[6] The trial court adjudicated Andrews as a Habitual Violent Felony Offender and sentenced him on each count to a ten-year term of incarceration with a five-year minimum mandatory. Resp. Ex. 2 at 205-12. The trial court further ordered the sentence imposed on count two to run consecutive to the sentence imposed on count one. Id.

[A]ppellant's sentence did not constitute cruel and unusual punishment. As the U.S. Supreme Court recognized in Rummel v. Estelle, 445 U.S. 263, 284, 100 S. Ct. 1133, 63 L.Ed.2d 382 (1980), where a defendant was convicted of multiple prior felonies, "[the State] was entitled to place upon [a defendant] the onus of one who is simply unable to bring his conduct within the social norms prescribed by the criminal law of the State." The HVFO statute in Florida is "nothing more than a societal decision that when a person commits yet another felony, he should be subjected to [ ] serious penalty." Id. at 278, 100 S. Ct. 1133. Further, "it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular offense; rather, in applying the Eighth Amendment, the appellate court decides only whether the sentence under review is within constitutional limits." Solem, 463 U.S. at 290 n. 16, 103 S. Ct. 3001. Thus, we find that appellant's consecutive ten-year sentences for failure to report a temporary residence do not constitute cruel and unusual punishment.

Andrews, 82 So. 3d at 984.

Upon review of the record, this Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Count one and count two are convictions for third degree felonies. See § 943.0435(14), Fla. Stat.; Resp. Ex. 2 at 205. Pursuant to section 775.084(4)(b), Florida Statutes, an HVFO who has been convicted of a third degree felony is subject to a ten-year term of incarceration, with a five-year minimum mandatory. The trial court properly adjudicated Andrews as an HVFO and sentenced him within the statutory limits prescribed by the HVFO sentencing statute. Resp. Ex. 2 at 205. As such, Andrews cannot demonstrate an Eighth Amendment violation. See

United States v. Johnson, 451 F.3d 1239, 1243 (11th Cir. 2009) (finding that defendant failed to make threshold showing of disproportionality as the court sentenced him within the statutory limits); United States v. Moriarty, 429 F.3d 1012, 1024 (11th Cir. 2005) ("In general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment.") (quoting United States v. Delacruz-Soto, 414 F.3d 1158, 1168 (10th Cir.2005)). As such, Ground Four is denied.

**E. Ground Five**

Andrews maintains that his trial counsel was ineffective for failing to call Officer Marc Crawford as a witness during trial. Doc. 1 at 17. According to Andrews, Officer Crawford would have offered testimony that he conducted a search of Andrews' girlfriend's apartment and did not find any evidence that Andrews was living there. Id.

Andrews raised this claim in his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.[7] Resp. Ex. 20 at 24. The trial court denied the claim, finding in pertinent part:

> The proposed testimony regarding the Officer's search of Ms. Johnson's apartment would have been admissible. Assuming counsel was deficient for failing to present this testimony, Defendant still has not proven that this limited testimony would have affected the outcome of the trial. Three witnesses testified that Defendant told them that he lived at the apartment complex alleged to be his temporary residence. Three residents of the same complex testified that they frequently saw Defendant at the apartment,

---

[7] In his Rule 3.850 motion, Andrews also alleged that Officer Crawford would have offered testimony about statements that Andrews' girlfriend made to the Officer. Resp. Ex. 20 at 24. Here, however, Andrews only references testimony Officer Crawford would have offered regarding the search of the apartment. Doc. 1 at 17.

> sometimes without Ms. Johnson, and that they noticed
> Defendant or his truck there at all hours of the day. One
> witness testified to seeing Defendant's vehicle at Ms.
> Johnson's as late as 2:00 in the morning. Thus, testimony
> from Officer Crawford that he did not see Defendant's
> belongings when inside the apartment would not have
> changed the outcome of trial.

Resp. Ex. 22 at 287 (record citations omitted). The First DCA per curiam affirmed the trial court's denial without a written opinion. Resp. Ex. 26.

To the extent that the First DCA affirmed the trial court's denial on the merits,[8] the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of the claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Considering the eyewitness testimony that Andrews was living at the apartment and Andrews admissions to other residents of the apartment, Andrews cannot show that but for trial counsel's alleged failure to call Officer Crawford as a witness, the outcome of trial would have been different. Thus, Andrews fails to demonstrate the required prejudice under Strickland and he is not entitled to relief on the basis of this claim.

---

[8] In looking through the appellate court's affirmance to the circuit court's "relevant rationale," the Court presumed that the appellate court "adopted the same reasoning." Wilson, 138 S. Ct. at 1194.

**F. Ground Six**

Andrews contends that trial counsel was ineffective for failing to sever counts one and two. Doc. 1 at 18. According to Andrews, failure to sever the counts allowed the state to use the same evidence to obtain a conviction for both counts. Doc. 5 at 11.

Andrews raised this claim in his Rule 3.850 motion. Resp. Ex. 20 at 20-21. After receiving the state's written response to this issue (Resp. Ex. 21 at 230-77), the trial court ultimately denied it, finding in relevant part:

> Not only is Failure to Register a continuing offense, but the instant offenses are clearly connected in an episodic sense and "linked in a significant way." <u>See</u> <u>Lieble v. State</u>, 933 So. 3d 119, 121 (Fla. 5th DCA 2006). Here, Defendant committed the instant offenses by staying at the same apartment without registering that address as a temporary residence for two consecutive registration periods. Even if Defendant was given a trial on each count, the trial would involve the same witnesses and the same testimony. Thus, severance would not have been "appropriate to promote a fair determination of the defendant's guilt or innocence of each offense" or "necessary to achieve a fair determination of the defendant's guilt or innocence of each offense." Counsel, therefore, cannot be deemed ineffective for failing to file a motion to sever which would have been properly denied. [citation omitted]
>
> . . .
>
> However, assuming <u>arguendo</u> that counsel was deficient . . . Defendant has failed to meet his burden of prejudice.
>
> . . .
>
> As stated above, evidence of each instant offense would not have only been admissible, but would have been presented at both trials, as the convictions were based on the same witnesses.

Moreover, the jury instructions in the instant case informed the jury that each count must be considered separately. That instruction read:

> A separate crime is charged in each count of the Information and while they have been tried together each crime and the evidence applicable to it must be considered separately and a separate verdict returned as to each. A finding of guilty or not guilty as to one crime must not affect your verdict as to the other crimes charged.

Therefore, this Court finds that Defendant has failed to prove prejudice, and Defendant is not entitled to relief.

Resp. Ex. 22 at 283-86. The trial court further noted Andrews argument that the dates the state relied on were insufficient to obtain a conviction. Id. at 285. In rejecting this argument, the trial court found that Andrews' attempt to contest the sufficiency of the evidence against him "is not cognizable and will not be entertained." Id. at 285-86 (citing Betts v. State, 792 SO. 2d 589, 590 (Fla. 1st DCA 2001) (holding that because defendant may not challenge the admissibility, validity, or sufficiency of the evidence against him in a motion seeking postconviction relief, such claims are procedurally barred and will not be considered by the Court)). The First DCA per curiam affirmed the trial court's denial without a written opinion. Resp. Ex. 26.

To the extent that the First DCA affirmed the trial court's denial on the merits,[9] the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the

---

[9] In looking through the appellate court's affirmance to the circuit court's "relevant rationale," the Court presumed that the appellate court "adopted the same reasoning." Wilson, 138 S. Ct. at 1194.

applicable law, the Court concludes that the state court's adjudication of the claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Ground Six is denied.

### G. **Ground Seven**

Andrews asserts that counsel was ineffective for failing to interview, investigate, and call as witnesses the two registration officials who completed Andrews' re-registration process and provided Andrews with the statutory definition of a temporary address. Doc. 1 at 19. Andrews raised this issue in his Rule 3.850 motion. Resp. Ex. 20 at 17. The trial court summarily denied the claim, finding in pertinent part:

> Defendant asserts that these witnesses were available and could have testified that they defined a temporary residence to Defendant as "anywhere besides [sic] your permanent address that you spend the night four or five times throughout the year." Defendant avers this testimony would have disproved the State's theory that Defendant knowingly failed to comply with the sexual offender requirements. . . .
>
> The definition of a temporary residence as articulated in the jury instructions, is "a place where the person abides, lodges, or resides for a period of five or more days in the aggregate during any calendar year and which is not the person's permanent address." The definition Defendant asserts he was given by officials was similar, yet more stringent, th[an] the jury instruction definition. Therefore, if Defendant had registered any temporary address which fit the definition he admittedly was given, he would not have knowingly failed to register under the jury instruction definition. Thus, the definition he was given would not show that he did not knowingly fail to register.

Resp. Ex. 22 at 281-83 (record citations omitted). The trial court further noted that Andrews' defense at trial was that he never stayed the night at the residence, but was regularly there to simply check on his pregnant girlfriend. Id. Thus, the trial court found that these witnesses' purported testimony would be irrelevant and possibly harmful to Andrews' case, and trial counsel was not ineffective for failing to present such testimony. Id. The trial court further explained that this purported testimony would have been cumulative to Andrews' trial testimony, and highlighted that Andrews' current claim was contrary to his sworn colloquy with the trial court that he did not wish to call any other witnesses at trial. Id. The First DCA per curiam affirmed the trial court's denial without issuing a written opinion. Resp. Ex. 26.

To the extent that the First DCA affirmed the trial court's denial on the merits,[10] the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of the claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. As the trial court mentioned, Andrews testified at trial that these subject registration officials advised him that he was required to register any address, besides

_____

[10] In looking through the appellate court's affirmance to the circuit court's "relevant rationale," the Court presumed that the appellate court "adopted the same reasoning." Wilson, 138 S. Ct. at 1194.

his permanent address, where he stayed overnight four or five times. Resp. Ex. 4 at 249. As such, any purported testimony from these witnesses would have been cumulative to Andrews' testimony, and Andrews' cannot demonstrate prejudice under <u>Strickland</u>. Ground Seven is denied.

## H. **Ground Eight**

Andrews contends that counsel was ineffective for failing to move for a mistrial after three state witnesses testified about irrelevant facts and information.[11] Doc. 1 at 20. Andrews fails to name these three witnesses in his Petition; however, in his Reply, Andrews appears to challenge the testimony of state witnesses Marcella Watson, John Tenan, and Amanda Emerson. <u>See</u> Reply at 29.

### i. Watson

Andrews alleges that trial counsel should have moved for a mistrial when Watson testified regarding her belief about Andrews' residency at the subject apartment. Reply at 31. Andrews raised this claim in his Rule 3.850 Motion. Resp. Ex. 21 at 32-35. The trial court summarily denied this sub-claim, explaining in relevant part:

> [I]n reviewing these portions of Ms. Watson's testimony, this Court finds no issues which would vitiate the entire trial and deprive defendant of a fair proceeding. <u>See</u> <u>Floyd</u> <u>[v. State</u>, 913 So. 2d 564, 576 (Fla. 2005)]. Defense counsel, therefore, could not be ineffective for failing to move for a mistrial.

---

[11] This claim is referenced in Ground Two of this Order, <u>supra</u>.

Resp. Ex. 22 at 291-92. The First DCA per curiam affirmed the trial court's denial without issuing a written opinion. Resp. Ex. 26

To the extent that the First DCA affirmed the trial court's denial on the merits,[12] the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of the claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Therefore, this sub-claim is denied.

Andrews also appears to challenge Watson's testimony that she worked for the Jacksonville Sheriff's Office, which Andrews claims the state elicited to merely bolster her credibility. Reply at 30. This specific sub-claim was never raised in state court and Andrews does not argue cause for or prejudice from his failure to assert this claim. Thus, the Court finds it unexhausted and procedurally defaulted.

## ii. **Tenan**

Andrews contends that counsel should have moved for a mistrial when Tenan testified about an incident when he (Tenan) and Ms. Donnelly (Tenan's prior girlfriend) were sitting on their balcony and Tenan noticed that Andrews was staring at Ms. Donnelly. Reply at 32.

---

[12] In looking through the appellate court's affirmance to the circuit court's "relevant rationale," the Court presumed that the appellate court "adopted the same reasoning." Wilson, 138 S. Ct. at 1194.

Andrews raised this sub-claim in his Rule 3.850 motion. Resp. Ex. 22 at 292.[13]

The trial court summarily denied this sub-claim, explaining:

> Any prejudice this questioning and testimony would have produced is lessened by the fact that defense counsel objected and those objections were sustained. Prior to opening arguments, the trial judge instructed the jury on objections, stating:
>
>> The attorneys are trained in the rules of evidence and trial procedure. It is their duty make all objections they feel are proper. When an objection is made, you should not speculate on the reason why it is made. Likewise, when an objection is sustained or upheld by me you must not speculate on what might have occurred had the objection not been sustained nor what a witness might have said had he or she been permitted to answer.
>
> Therefore, the jury was informed that they may not consider the above testimony. Regardless, this Court does not find that the above comments would be enough to vitiate the entire proceeding. See Floyd, 913 So. 2d at 576.

Resp. Ex. 22 at 292-93. The First DCA per curiam affirmed this denial without issuing a written opinion. Resp. Ex. 26.

---

[13] The Court cannot locate this sub-claim in Andrews' Rule 3.850 Motion provided to this Court. Resp. Ex. 20. However, as Respondents note, Andrews filed a second amended Rule 3.850 Motion that was never made part of the state court record or this Court's record. Resp. at 63. In any event, the trial court addressed this sub-claim, thus, this Court will assume Andrews raised this claim in his second amended Rule 3.850 Motion.

To the extent that the First DCA affirmed the trial court's denial on the merits,[14] the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of the claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Trial counsel objected to the statement and the trial court sustained the objection. Resp. Ex. 4 at 227. As such, Andrews cannot demonstrate the prejudice necessary under Strickland, and this sub-claim is denied.

### iii. Emerson

As Respondents note, Andrews only challenged alleged irrelevant testimony from Watson and Tenan in his Rule 3.850 motion, and thus, the state court only addressed this claim as to those two witnesses. Resp. at 71; Resp. Ex. 20 at 32-34; Resp. Ex. 22 at 291-93. As such, Respondents' contend that any claim regarding a third state witness "would be plainly barred in federal habeas as unexhausted and procedurally barred." Resp. Ex. 71.

Upon consideration of the record and Respondents' argument, the Court agrees that any sub-claim regarding Emerson's purported irrelevant testimony is

---

[14] In looking through the appellate court's affirmance to the circuit court's "relevant rationale," the Court presumed that the appellate court "adopted the same reasoning." <u>Wilson</u>, 138 S. Ct. at 1194.

unexhausted and procedurally barred and Andrews has failed to show cause and prejudice from this procedural bar. According, Ground Eight is denied.

## I. **Ground Nine**

Andrews maintains that the cumulative effect of trial counsel's ineffectiveness deprived him of a fair trial. Doc. 1 at 21. Andrews raised this claim in state court (Resp. Ex. 20 at 5), and in addressing this issue, the trial court ruled as follows:

> Having found that all of Defendant's previous claims were meritless, procedurally barred, or did not meet the <u>Strickland</u> standard of ineffective assistance of counsel, Defendant is not entitled to relief.

Resp. Ex. 22 at 297. The First DCA <u>per curiam</u> affirmed the trial court's denial without issuing a written opinion. Resp. Ex. 26.

To the extent that the First DCA affirmed the trial court's denial on the merits,[15] the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of the claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. <u>See</u> <u>United States v. Taylor</u>, 417 F.3d 1176, 1182 (11th Cir. 2005) ("[There being] no error in any of the district court's rulings, the argument that cumulative

---

[15] In looking through the appellate court's affirmance to the circuit court's "relevant rationale," the Court presumed that the appellate court "adopted the same reasoning." <u>Wilson</u>, 138 S. Ct. at 1194.

trial error requires that this Court reverse [the defendant's] convictions is without merit."). Ground Nine is denied.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.     The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.     The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

3.     If Andrews appeals the denial of the Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[16]

---

[16] The Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of November, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

C:      Megaleto Andrews, #304676
        Bryan G. Jordan, Esq.